UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VENEGAS, | ) Case No. CV 12-3568 PSG (JCG) |
| Petitioner, | ) |
| v. | ) **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |
| M.D. BITER, Warden, | ) |
| Respondent. | ) |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, Petitioner's Application for Certificate of Appealability, and the remaining record, and has made a *de novo* determination.

    The Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

    Petitioner claims that the Magistrate Judge erred in starting AEDPA's one-year limitation period on the date Petitioner's conviction became final (December 30, 2002). (Obj. at 3; *see also* R&R at 4.) Petitioner argues, instead, that the limitation period began on February 9, 2011, when he received a letter from the

National Center for Youth Law regarding *Graham v. Florida*, 130 S.Ct. 2011 (2010). (Obj. at 3; *see also* Pet. at 43-44.) Petitioner contends that it was through the letter that he discovered the factual predicate of his claims under 28 U.S.C. § 2244(d)(1)(D):

> Petitioner understands that [*Graham*] does not directly apply here, but the facts of the claim, concerning [a] juvenile's brain development and lesser culpability ... were discovered through this case.

(Obj. at 3.) This argument is untenable.

Under Section 2244(d)(1)(D), the statute of limitations runs from the date on which a petitioner could have reasonably discovered the *factual predicate* of his claims. Accordingly, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (emphasis added).

Here, Petitioner challenges his second degree murder conviction on the grounds that: (1) his sentence of 15 years to life was unconstitutionally disproportionate given his age (15) when the murder occurred; and (2) there was insufficient evidence to support his conviction because he lacked the ability, as a juvenile, to form the requisite "malice aforethought" for murder. (*See* Pet. at 2, 8-13.) The factual predicate of these claims – that Petitioner was a juvenile at the time of the offense – was known to Petitioner at the time of his sentence. Thus, Petitioner's actual contention is that he learned the legal significance of that fact when he received the subject letter on February 9, 2011. (*See* Obj. at 3-4.) Under such circumstances, Section 2244(d)(1)(D) does not apply to delay the start date of AEDPA's limitation period.[1] *See Hasan*, 254 F.3d at 1154 n.3.

---

[1] To the extent Petitioner contends that a later starting date applies under 28 U.S.C. § 2244(d)(1)(C), the Court rejects such an argument for the reasons stated in the Report and Recommendation. (*See* R&R at 4 n.3.)

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: ___August 10, 2012_____

_____
HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE